ANDREW G. RITTER v. THE PHŒNIX MUTUAL LIFE IN-
SURANCE COMPANY OF HARTFORD, CONNECTICUT.

ATTACHMENT — *Finding of Non-residence Sustained.* Where a question of
the residence or non-residence of the defendant in Kansas on November
12, 1883, is presented to the court on February 11, 1884, as a question of
fact, and the preponderance of the evidence tends to prove that in May,
1883, the defendant was a resident of Bourbon county, Kansas, owning real
and personal property therein; but that at that time he sold nearly all
his household goods, farming utensils, and other personal property; of-
fered his farm for sale, and placed it in the hands of land agents for that
purpose; rented his farm; told many persons that he was going west to
hunt another home; did go west to Colorado; and did not return to his
farm until November 22, 1883, after an attachment had been levied upon
it; and then admitted that when he left Kansas in May, 1883, he did not
expect to return to make it his home: *Held,* That such evidence is suffi-
cient upon which to make a finding that the defendant was a non-resident
of the state of Kansas on November 12, 1883, and to sustain the attach-
ment issued on the ground of his non-residence and levied upon the farm
aforesaid.

### *Error from Bourbon District Court.*

ACTION by *The Insurance Company* against *Ritter,* on two
promissory notes. The plaintiff obtained an order of attach-
ment, which was levied upon certain land owned by the de-
fendant. February 11, 1884, the district court overruled
defendant's motion to dissolve the attachment. This ruling
he brings here for review. The facts are stated in the opinion.

*Bawden & Martin,* for plaintiff in error.

*Blair & Perry,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: On November 12, 1883, the Phœnix
Mutual Life Insurance Company of Hartford, Connecticut,
brought an action in the district court of Bourbon county, on
two promissory notes against Andrew G. Ritter, to recover
the sum of $520, and at the same time filed an affidavit for
an order of attachment, alleging as a ground therefor that the

defendant was a non-resident of the state. Also, at the same time, the plaintiff filed an affidavit for service by publication, alleging, among other things, that service of summons could not be made on the defendant in the state of Kansas. The order of attachment was issued and was levied upon the northeast quarter of section 34, township 26, range 24, in said county. A summons was also issued on November 12, 1883, and the sheriff returned the same, stating that the defendant could not be found in his county. Service of summons was then made by publication, the first publication being made on November 15, 1883. The defendant returned to Bourbon county about November 22, 1883. On November 24, 1883, another summons was issued and was served, as the sheriff states, on November 26, 1883, "by leaving a copy thereof, with the indorsement thereon duly certified, at the usual place of residence of the within-named defendant." At what house or on what land it was left is not stated or shown. On January 2, 1884, the defendant filed a motion to dissolve the order of attachment, on the ground that the grounds set forth in the affidavit for the order of attachment were untrue, and the property upon which the order of attachment was levied was exempt from attachment. Afterward, and on February 11, 1884, this motion was heard by the court upon affidavits and other written evidence, and the court refused to dissolve the attachment, and overruled the defendant's motion, to which ruling of the court the defendant duly excepted, and now brings the case to this court for review.

There is really only one question in this case, and that is, whether the defendant was a non-resident of the state of Kansas or not at the time when the order of attachment was issued. If he was a non-resident at that time, then the decision of the court below is correct; but if he was a resident of the state of Kansas at that time, then the decision is erroneous, and the defendant's motion to dissolve the attachment should be sustained. It is admitted that in May, 1883, the defendant was a resident of the state of Kansas. He resided upon the attached property, and occupied the same as his homestead.

But in May, 1883, he left Kansas and went to Colorado; but whether he went to Colorado with the intention of abandoning Kansas as his home, and of adopting some other home, is a disputed question; and this is really the only question involved in the case, and the only question that was presented to the court below. The defendant left his farm in Kansas in May, 1883, and did not return to it until about November 22, 1883, ten days after the attachment had been levied upon the same. If the defendant, when he left Kansas intended to abandon the state as his home, the decision of the court below was correct; but if he did not have any such intention, then the decision of the court below was erroneous. This question is purely one of fact, depending for its solution upon the evidence introduced on the hearing of the motion to dissolve the attachment, and is not one of law. It was presented to the court below upon affidavits and upon the said service of the summons. The evidence was contradictory and conflicting; but, upon such evidence, the court below decided that the defendant had abandoned Kansas as his residence, and sustained the attachment.

Is this decision erroneous? Upon the evidence, we cannot say that it is. Just before the defendant left Kansas, in May, 1883, he sold nearly all his household goods, farming utensils, and other personal property; he offered his farm for sale, and placed it in the hands of land agents for that purpose; rented his farm; told many persons that he was going west to hunt another home; did go west to Colorado; and did not return to his farm until after the attachment was levied upon it; and then admitted that when he left Kansas he did not expect to return to make it his home. Some of these matters the defendant disputes, but we think the preponderance of the evidence proves them, and the court below evidently so found; and we are unable to say that the court below erred in its findings. Many of the defendant's statements before he left Kansas and after his return, as proved by the other witnesses, tended to show that he left Kansas in May, 1883, intending never again to make Kansas his home.

The order of the court below sustaining the attachment and overruling the defendant's motion to dissolve the same will be affirmed.

All the Justices concurring.